EDWARD ACKERMANN, EXECUTOR UNDER THE LAST WILL AND TESTAMENT OF BERTHA ACKERMANN, DECEASED, AND INDIVIDUALLY, PLAINTIFFS, v. INTER CITY TRANSPORTATION COMPANY, INCORPORATED. AND ANTHONY GUSTUS, DEFENDANTS.

Decided April 13, 1936.

For the rule, *Charles A. Rooney*.

Opposed, *Isadore Rabinowitz* and *Samuel C. Meyerson*.

LAWRENCE, C. C. J. The accident giving rise to this suit involved a collision between an automobile owned and driven by Edward Ackermann and a bus owned by defendant trans-

portation company and operated at the time by its employe, Gustus. In the Ackermann car were his wife, Bertha, and Mr. and Mrs. Charles Severo, as passengers. The vehicles came together at the intersection of Madison and Tenth avenues, in Paterson, at an early hour in the morning, when the traffic generally was light. The roadways were wet, due to rain earlier in the evening and a continuing drizzle thereafter. Mrs. Ackermann received an injury of which she died. The other passengers were injured, but not seriously. Dr. Ackermann was also injured and brought the present suit to recover therefor and for the damage to his automobile. He added to the complaint a count resting on the Death act (2 *Comp. Stat., pp.* 1907, 1908, §§ 7, 8) for the financial loss resulting to him from the death of his wife as the surviving husband, since there were no children. Mrs. Ackermann died testate. In her will she appointed the husband as executor. At the time of her death she was fifty-three years of age and her husband fifty-nine. He for many years had been practicing as a physician at Dover and she had assisted him in his office and elsewhere as a practical nurse. To enable her to do so the household duties were performed by a housekeeper employed for that purpose.

At the trial, the jury returned a verdict in favor of plaintiff and against defendants, awarding Dr. Ackermann individually $1,500 and as executor of his wife's estate $10,000. Under defendants' rule, it was urged that the verdict on the issue of negligence and the contributory negligence of plaintiff was contrary to the weight of the evidence, due to what was said to be a sympathetic attitude on the part of the jury, and that the amount of the awards is excessive.

When the accident happened, the bus was approaching the intersection on Madison avenue and on the right of the Ackermann car which entered the intersection from Tenth avenue on the left of the bus. In ordinary circumstances the bus had the right of way, and the evidence as to the manner in which the two vehicles were driven into the intersection required scrutiny on the part of the jury as to the speed and the degree of care exercised by the respective drivers to dis-

cover the other approaching. Negligence and contributory negligence were pleaded. Neither vehicle was stopped before it was driven into the intersection, and there was evidence indicating that both had been driven into it at an excessive rate of speed.

A sharp issue arose at the trial as to whether either driver had made proper observation for the approach of the other. Dr. Ackermann testified that when he reached the nearest corner of the intersection in the direction from which he had come, he looked to his right and could see a distance of one hundred and twenty-five feet on Madison avenue, but did not see the bus approaching, or any vehicle in fact, and proceeded without slackening his speed which was approximately twenty-five miles an hour. The driver of the bus stated that when he was about eight feet from the crosswalk on Madison avenue, he looked to his left and saw a car coming one hundred or more feet away. He had blown his horn forty or fifty feet back from the intersection. He said he had reduced the speed of his bus to about fifteen miles an hour as he drove into the intersection, although there was some contradiction in this regard in other testimony at the trial. The collision occurred at about the center of the intersection and there was evidence which sufficiently disclosed that the Ackermann car struck the bus on the left side back of the driver's seat. That both drivers were mistaken as to the distance separating the vehicles as they were driven into the intersection is clear. No horns were blown at a time when they would be effective; that on the Ackermann car not having been blown at all, because of the failure of the driver to make proper observation to discover the approaching bus. There was evidence that the lights on both were burning. When a driver involved in an accident declares he did not see that which he should have seen, if he had been exercising due care, and drives into an intersection at a rate of speed not reasonable in the immediate circumstances and conditions confronting him, he may not complain if such negligence is found to be the producing or concurring cause of the collision that ensues. Here there was ample evidence to support the defense alleging the con-

tributory negligence of Dr. Ackermann, and it appears clear that the jury did not give sufficient consideration to this defense. To exonerate him entirely from responsibility, therefore, was not justified, and indicates, under the evidence, a mistake in the finding of no negligence on the part of plaintiff. There should for that reason be a new trial as to him individually.

It does not follow, however, that the same result should be reached as to the claim under the Death act. It was conceded on the argument of the rule that the concurring negligence of both drivers would not prevent plaintiff as executor of his wife's estate from recovering. While the primary negligence of the driver of the bus was found and appears to be supported by the evidence as a whole, the failure to find the contributory negligence of Dr. Ackermann, as it could have been, does not justify disturbing the verdict as to defendants' liability. But it was further urged that the sum awarded on this count in the complaint was excessive. This appears to be so. Considering the respective ages and the expectancy of the husband and wife, together with the evidence of the assistance rendered by her to him as a practical nurse in his profession, and examining such cases as were cited on the argument of the rule, which appear applicable, it would seem that $8,000 would have been adequate. If plaintiff as executor consents, consequently, to reduce the verdict to that amount, the rule will be discharged in this respect, otherwise it will be made absolute not only as to plaintiff's individual claim as indicated above but as to damages only on the count under the Death act.